**Zack Zembliest SMITH, III,
Petitioner—Appellant,**

v.

**John OWEN, Warden, Respondent—
Appellee.**

**No. 11–7186.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Jan. 31, 2012.

Decided: Feb. 3, 2012.

Zack Zembliest Smith, III, Appellant Pro Se. Marshall Prince, II, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zack Zembliest Smith, III, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and granting Respondent's motion to dismiss in part and transferring Smith's 28 U.S.C.A. § 2241 (West 2006 & Supp.2011) petition to the Western District of Louisiana. Smith seeks to appeal the district court's order. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R.App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5), or reopens the appeal period under Fed. R.App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

The district court's order was entered on the docket on February 24, 2011. The notice of appeal was filed on August 31, 2011.* Because Smith failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R.App. P. 4(c); *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).